ELKAY REALTY COMPANY, A CORPORATION, RELATOR, v. IRA T. REDFERN, BUILDING INSPECTOR OF THE VILLAGE OF SOUTH ORANGE, AND THE VILLAGE OF SOUTH ORANGE, RESPONDENTS.

Submitted January 29, 1927—Decided July 9, 1927.

**Zoning—Stores and Apartments in Restricted Territory—A Board of Adjustment Existed in the Municipality and Relator Did Not Appeal Thereto—Writ Denied.**

On application for *mandamus*.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-
CHARD.

For the relator, *Edward Fenias* (*Elias A. Kanter*, of
counsel).

For the respondents, *Riker & Riker* (*Thomas E. Fitz-
simmons*, of counsel).

PER CURIAM.

This is a zoning case. The relator applied to the building
inspector of the village of South Orange for a permit to erect
a two-story brick and tile building containing six stores on
the first floor and four living apartments on the second floor,
on property he held in the village.

The building inspector denied the permit for the sole
reason that the proposed building was contrary to the build-
ing zone ordinance in that the land in question was zoned
against buildings of the type proposed.

The relator obtained an alternative writ of *mandamus;*
there is a return to the writ, a demurrer to the return and a
stipulation as to the facts. It appears thereby that the village
has a board of adjustment whose powers have been amplified
by the act of 1926, chapter 315, and that no appeal was taken
to that board. In that situation the relator is not entitled
to a writ of *mandamus* against the building inspector. So
the Supreme Court has determined in several cases. See *Burg*
v. *Ackerman,* 5 *N. J. Mis. R.* 96; *Paramount Realty Co.* v.
*Schmitt,* 5 *Id.* 177; *State* v. *Dowling,* 5 *Id.* 180.

The application for the writ of *mandamus* must be denied,
with costs.